IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

TERESA KETNER,               )
                             )
    **Plaintiff,**          )
v.                           )
                             )   Case No. 19-cv-6156
CORIZON HEALTH, INC.,        )
JOHN DUNN,                   )   JURY TRIAL DEMANDED
GREGORY LINK,                )
VEVIA STURM, and             )
AARON YORK,                  )
 The individuals sued in their )
  Individual Capacities,    )
                             )
    **Defendants.**         )

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. Defendant John Dunn, a prison therapist employed by Corizon Health Inc., sexually abused his patients at the Chillicothe Correctional Facility for years. Although known by colleagues and clients as a "creep," his predation on incarcerated women with mental health issues did not end until he was arrested at the prison by an outside agency. Plaintiff Teresa Ketner, confined at the prison, sought counseling to address her history of trauma and hopefully secure a referral to a psychiatric professional. She was assigned to John Dunn. Teresa Ketner did not receive counseling or a referral. She became his victim. In 2016, when she

1

found the courage to come forward, she was coerced to repudiate her claims and the indignities she suffered were covered up.

2.     Plaintiff brings this action pursuant to 42 U.S.C. §1983, seeking compensatory damages and punitive damages against all Defendants for violation of her constitutional rights while acting under color of state law, together with reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

3.     Plaintiff asserts supplemental Missouri state law claims against Defendant John Dunn, Defendant Gregory Link, and Defendant Corizon Health, Inc.

## JURISDICTION AND VENUE

4.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 3 above as though fully set forth herein.

5.     Jurisdiction of the Court is properly invoked pursuant to 28 U.S.C. §1331 and §1343(a) (3) and (4) and the aforementioned statutory provisions.

6.     This Court has supplemental jurisdiction over claims arising under the laws of the State of Missouri.

7.     Plaintiff's claim for attorney's fees and costs is authorized by 42 U.S.C. §1988.

8.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2). All actions alleged herein occurred in the Western District of Missouri.

## PARTIES

9. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 8 above as though fully set forth herein.

10. Plaintiff Teresa Ketner, (hereinafter "Plaintiff"), was at all relevant times an offender confined at the Chillicothe Correctional Center, a facility of the State of Missouri Department of Corrections.

11. Defendant Corizon Health, Inc., (hereinafter "Corizon" or "Defendant Corizon"), is a corporation formed under the laws of the State of Delaware, with its principal executive office in Brentwood, Tennessee. Corizon has a contract with the Missouri Department of Corrections to provide health care to offenders at state prisons.

12. Defendant John Dunn, (hereinafter "Dunn" or "Defendant Dunn"), was at all relevant times a mental health professional employed by Corizon and was assigned, in this capacity, to the Chillicothe Correctional Center. Dunn is sued in his individual capacity.

13. Defendant Vevia Sturm, (hereinafter "Sturm" or "Defendant Sturm"), is the Prison Rape Elimination Act (PREA) supervisor for the Missouri Department of Corrections. Sturm is sued in her individual capacity.

14. Defendant Gregory Link (hereinafter "Link" or "Defendant Link") is the supervisor of John Dunn. Link is sued in his individual capacity.

3

15. Defendant Aaron York (hereinafter "York" or "Defendant York") is an investigator at the Chillicothe Correctional Center and an employee of the Missouri Department of Corrections. Defendant York investigated the event perpetrated by Defendant Dunn against Plaintiff. He is not a PREA certified investigator. York is sued in his individual capacity.

## FACTS

16. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 15 above as though fully set forth herein.

### The Abuse

17. Plaintiff was confined at the Chillicothe Correctional Center from 2013 through February of 2015.

18. Due to PTSD, depression, and anxiety, Plaintiff sought counseling and stabilizing medication. Correctional Institution policy stated that she first had to speak with a mental health counselor and receive a referral.

19. Defendant Dunn was assigned as Plaintiff's mental health counselor.

20. Defendant Dunn did not provide Plaintiff with therapy or refer her to a psychiatrist.

21. Defendant Dunn used Plaintiff's need for psychiatric treatment to force her to come to appointments.

4

22. Defendant Dunn's harassment of Plaintiff started at their initial appointment in February of 2013.

23. Defendant Dunn directly asked Plaintiff, "Would you like to be molested?" and laughed.

24. Defendant Dunn forced Plaintiff to perform oral sex on him at their second appointment. He reached up Plaintiff's shirt to fondle her breasts, took her hands and placed them on his erect penis. He penetrated her mouth with his penis while forcing her head down by grabbing her hair and yanking hard.

25. Within the relevant statute of limitations, during the months of November and December of 2014 and January and February of 2015:

   a. Defendant Dunn forcefully and vaginally penetrated Plaintiff with his penis.

   b. Defendant Dunn forced Plaintiff to perform oral sex on him.

   c. Defendant Dunn forced Plaintiff to have other sexual contact with him including groping her breasts, forcing his hands down her pants, and placing her hands on his erect penis.

26. All incidents of sexual assault by Defendant Dunn against Plaintiff occurred in Defendant Dunn's office, an area with no monitoring cameras.

27. Defendant Dunn was aware of the lack of cameras and kept the office door shut and the shades pulled down during sessions.

28. Defendant Dunn used his power as a superior to threaten Plaintiff and prevent her from reporting his sexual abuse and harassment of her, and to ensure she returned to appointments.

29. Plaintiff was afraid to report the sexual abuse and harassment.

30. Historically, Chillicothe Correctional Center has placed offenders who report PREA violations in the "Hole," which is solitary confinement, for long periods of time.

31. In solitary confinement, for periods of 60-90 days, offenders are denied visitation, mail, and contact with others.

32. Plaintiff was released from Chillicothe Correctional Center in 2015.

33. At all relevant times Defendant Gregory Link oversaw Defendant Dunn.

34. Defendant Gregory Link was aware in 2015, because of other complaints brought to his attention, of Defendant Dunn's inappropriate behavior.

## The Investigation and the Aftermath

35. In 2016, Plaintiff returned to Chillicothe Correctional Center.

36. Fearful of recurrent abuse by Defendant Dunn, Plaintiff submitted a request to see a mental health provider other than Defendant Dunn.

37. The allegations were investigated by Aaron York.

38. At all relevant times Defendant York was not a trained investigator for allegations falling under the Prison Rape Elimination Act (PREA) and had no authority to investigate PREA matters.

39. Defendant York interrogated Plaintiff three times.

40. Defendant York asked and made biased, inappropriate, and sexually suggestive questions and comments. Defendant York threatened punishment including being placed in the "Hole" and being charged with additional crimes if she did not recant the story.

41. Defendant York did not "substantiate" Plaintiff's complaint despite knowing that it was likely true.

42. Despite this misconduct and a history of other misconduct, Defendant Dunn was allowed to continue working at the Chillicothe Correctional Center.

43. In November 2017, after Defendant Dunn was arrested for assaulting another offender, Shreve Bentley ("Bentley") was assigned to investigate multiple PREA allegations, brought by another inmate, against Defendant Dunn.

44. During his investigation, Bentley reviewed any investigations conducted by Defendant York regarding allegations involving Defendant Dunn.

45. Bentley substantiated Plaintiff's allegations.

46. Bentley interviewed both Plaintiff and Defendant York.

47. Bentley concluded that Defendant York acted outside the scope of his duty.

48. Bentley also concluded that Defendant York failed to cooperate with the investigation and failed to truthfully and fully relay information.

49. Bentley's conclusions were conveyed via email to Defendant Sturm.

50. Defendant Sturm responded to the conclusions by demanding material alterations of the investigative report, including the removal of virtually all of the material relating to Defendant York.

51. In her communications demanding changes to the investigative report, Defendant Sturm acknowledged that "everyone thought he was a creep" but sought to place primary responsibility on Defendants Link and Corizon.

## SECTION 1983 CLAIMS

### COUNT I - DEFENDANT DUNN'S SEXUAL MISCONDUCT VIOLATED THE 8TH AMENDMENT
### (AGAINST DEFENDANT DUNN)

52. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 51 above as though fully set forth herein.

53. Defendant Dunn, at all relevant times, acted under color of state law.

54. The aforementioned acts and conduct of Defendant Dunn were calculated to and did deprive Plaintiff of her clearly established right to be free from cruel and unusual punishment in the form of sexual assault or other violations of bodily integrity for the sole purpose of sexual gratification.

55. As a direct and proximate result of the acts and conduct of Defendant Dunn, Plaintiff suffered serious physical pain, physical injury, and emotional distress.

56. The acts and conduct of Defendant Dunn were committed unlawfully, intentionally, and with malice or reckless disregard for the rights of Plaintiff.

**COUNT II-THE FACLITATION OF DEFENDANT DUNN'S SEXUAL MISCONDUCT BY DEFENDANTS CORIZON, STURM, LINK, AND YORK VIOLATED THE 8TH AMENDMENT
(AGAINST DEFENDANTS CORIZON, STURM, LINK, AND YORK)**

57. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 56 above as though fully set forth herein.

58. At all relevant times Defendants Corizon, Link, Sturm and York were performing governmental functions under the color of state law.

59. Defendants Corizon, Link, Sturm, and York were obligated to work to prevent abuse of offenders in Missouri's correctional facilities, and through their acts and omissions, facilitated the rape and sexual abuse of Plaintiff.

60. By their policies, practices, acts and omissions, Defendants Corizon, Link, Sturm, Sturm and York caused Plaintiff to be subjected to sexual assaults in violation of her rights under the Eighth Amendment.

61. Defendant Corizon, through its contract with the State of Missouri Department of Corrections, was expressly responsible for the healthcare and

9

physical and mental well-being of Plaintiff and, through its acts and omissions, facilitated the rape and sexual abuse of Plaintiff.

62. Upon information and belief, Defendants were specifically aware of widespread allegations of sexual misconduct at Missouri penal institutions.

63. Upon information and belief, Defendants had actual knowledge of inappropriate conduct by Defendant Dunn.

64. Defendants knew that staff who rape and sexually abuse inmates routinely utilize physical areas outside the view of monitored security cameras and other staff.

65. Defendants failed to employ obvious measures to reduce the risk of rape and sexual abuse of incarcerated inmates by Defendant Dunn.

66. The pattern of sexual abuse by Defendant Dunn, and the failure or refusal of Defendants Corizon, Link, Sturm, and York to operate, supervise, maintain and control its operations properly and to act to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorized the abuse of Plaintiff.

67. The customs, policies usages, practices, and procedures of Defendants Corizon, Link, Sturm, and York constituted deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff and were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

10

68. Defendants Corizon, Link, Sturm, and York failed to protect Plaintiff from known and dangerous harm.

69. Defendants Corizon, Link, Sturm, and York knew of or consciously disregarded the obvious risk of the constitutional harms perpetrated against Plaintiff and failed to intervene, mitigate, or stop the events.

70. Due to Defendants Corizon, Link, Sturm, and York's practices and policies aforesaid, the Plaintiff suffered and continues to suffer physical, psychological and emotional injuries, pain, and suffering.

## COUNT III-DEFENDANT YORK'S CONDUCT CONSTITUTED RETALIATION IN VIOLATION OF THE FIRST AMENDMENT (AGAINST DEFENDANT YORK)

71. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 70 above as though fully set forth herein.

72. Defendant York's threats toward Plaintiff and demands to recant constituted an adverse action. These threats implicated Plaintiff's freedom and she reasonably believed that they would carried out.

73. Likewise, Defendant York's finding that the complaint was unsubstantiated when he knew otherwise constituted an adverse action.

74. Plaintiff's complaint, pursuant to PREA, was protected speech and conduct under the First Amendment.

75. Defendant York's actions were in retaliation for the protected speech and conduct and did not further any legitimate correctional or penal objective.

## MISSOURI STATE LAW CLAIMS

### COUNT IV-NEGLIGENT HIRING AND RETENTION
### (AGAINST DEFENDANT CORIZON AND DEFENDANT LINK)

76. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 75 above as though fully set forth herein.

77. Defendant Corizon and Defendant Link had actual knowledge or should have known that sexual assault was an ongoing and serious problem in Missouri penal facilities.

78. Upon information and belief, Defendant Corizon and Defendant Link had actual knowledge Defendant Dunn behaved in a sexually inappropriate manner with inmates.

79. Defendant Corizon and Defendant Link were solely responsible for hiring and retaining Defendant Dunn.

80. Defendant Dunn's repeated assaults against Plaintiff were foreseeable and consistent with Defendant Dunn's dangerous proclivities about which Defendant Corizon and Defendant Link knew or recklessly disregarded.

81. Defendant Corizon and Defendant Link's hiring and retention of Defendant Dunn was a proximate cause of Plaintiff's injuries.

## COUNT V- COMMON LAW NEGLIGENCE
## (AGAINST DEFENDANTS CORIZON, LINK, AND DUNN)

82. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 81 above as though fully set forth herein.

83. Defendants Corizon, Dunn, and Link owed a duty of care to Plaintiff to protect her from personal injury and harm during those times she was in the care and control of Defendants.

84. Defendants breached this duty of care to Plaintiff by failing to protect her from sexual abuse and harassment by Defendant Dunn.

85. As a direct and proximate result of Defendants' breach, Plaintiff suffered physical pain, physical injury, and emotional distress.

## COUNT VI- NEGLIGENCE PER SE
## (AGAINST DEFENDANT JOHN DUNN)

86. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 85 above as though fully set forth herein.

87. By and through the enactment of Section 566.145 of the Missouri Revised Statutes, the State of Missouri has prohibited all sexual contact with incarcerated

individuals by any staff working within a correctional facility. Furthermore, through the enactment of Section 217.405, the State has prohibited said contact.

88. Plaintiff is a member of the class of individuals protected by Section 566.145 and 217.405.

89. Defendant Dunn's actions violated both statutes, directly and proximately resulting in injuries to Plaintiff of the exact nature intended to be prevented by the statutes.

## COUNT VII-VICARIOUS LIABILITY/RESPONDEAT SUPERIOR
## (AGAINST DEFENDANT CORIZON)

90. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 89 above as though fully set forth herein.

91. As to Counts I, IV, V, and VI, Defendant Corizon was the employer of Defendants Dunn and Link, with the attendant right to control each of their actions within the scope of employment.

92. The injuries caused by Defendants Dunn and Link occurred within the scope of their employment.

93. Defendant Corizon is vicariously liable for Counts I, IV, V, and VI.

## COUNT VIII-PREMISES LIABILITY
## (AGAINST DEFENDANT CORIZON)

94. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through93 above as though fully set forth herein.

95. Defendant Corizon at all relevant times controlled the space in which Defendant Dunn met with Plaintiff.

96. Defendant Corizon had an agreement with the Department of Corrections to exclusively occupy certain space at the Chillicothe Correctional Center for medical treatment.

97. There existed a defective and dangerous condition at the prison in that the physical layout of the medical facilities were such that Defendant Dunn could sexually assault Plaintiff out of the view of other Corizon staff, out of the view of DOC staff, and out of the view of surveillance cameras.

98. These defective and dangerous conditions created a condition which allowed Defendant Dunn to repeatedly sexually assault Plaintiff without being discovered.

99. Through ordinary care, Defendant Corizon knew or could have known of this condition.

100. Defendant Corizon failed to use ordinary care to eliminate this condition and failed to use ordinary care to warn Plaintiff of the condition.

101. Plaintiff suffered physical pain, physical injury, and emotional distress as a direct and proximate result of Defendant Corizon's failure to exert ordinary care in the management of its employees and facilities.

## **JURY DEMAND**

102. Plaintiff hereby demands a trial by jury for all issues in this matter.

WHEREFORE, Plaintiff prays for a Judgment against Defendants, jointly and severally, for damages for physical injuries, for medical costs incurred and to be incurred, and other compensatory damages in an amount to be determined at trial, punitive damages against all defendants in an amount to be determined at trial, attorney's fees, costs and disbursements pursuant to law, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John J. Ammann
John J. Ammann, Mo. #34308
Brendan D. Roediger, Mo. #60585
Susan McGraugh, Mo. #37430
Saint Louis University Legal Clinic
100 North Tucker
St. Louis, Mo. 63101
314-977-2778
fax: 314-977-1180
john.ammann@slu.edu
brendan.roediger@slu.edu
susan.mcgraugh@slu.edu

Jenifer C. Snow, Mo. # 67345
Ryan J. Gavin, Mo. #48691
Kamykowski, Gavin & Smith, P.C.
222 S. Central, Suite 1100
St. Louis, Mo. 63105
314-665-3280 fax: 314-762-6721
Jenifer@kgslawfirm.com
Ryan@kgslawfirm.com

*Attorneys for Plaintiff Teresa Ketner*